IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS' MID-AMERICA PENSION PLAN, | ) ) ) | |
| IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, | ) ) ) ) ) | |
| JOSEPH J. BURKE, as Administrative Manager, | ) ) ) | CIVIL ACTION |
| Plaintiffs, | ) ) ) | NO. |
| vs. | ) ) | JUDGE |
| SECURITY FENCE CO., INC., a dissolved Illinois corporation, and | ) ) ) ) | |
| JEFFREY H. COLE, d/b/a SECURITY FENCE CO., INC., | ) ) ) | |
| Defendants. | ) | |

## **COMPLAINT**

The Plaintiffs, IRON WORKERS' MID-AMERICA PENSION PLAN, IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND and JOSEPH J. BURKE, as Administrative Manager, by their attorneys, complaining of the Defendants, SECURITY FENCE CO., INC., a dissolved Illinois corporation and JEFFREY H. COLE, d/b/a SECURITY FENCE CO., INC., allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiffs, the IRON WORKERS' MID-AMERICA PENSION PLAN and IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, bring this action as "employee pension benefit funds", and "plans", under ERISA, and Plaintiff, JOSEPH J. BURKE, is the Administrative Manager of Plaintiff Funds and a fiduciary with respect thereto. Plaintiff Funds are administered within this District and Division.

3. On information and belief, Defendant, SECURITY FENCE CO., INC., was incorporated under the laws of the State of Illinois on or about November 21, 2001, and was involuntarily dissolved by the Illinois Secretary of State on or about April 11, 2014.

4. On information and belief, Defendant, JEFFREY H. COLE, continued operating Security Fence Company, Inc., post-dissolution as a sole proprietorship.

5. Defendants are obligated to report and pay fringe benefit contributions to the Funds under the terms of the Agreements and Declarations of Trust establishing and outlining the administration of these Funds and pursuant to the terms of the collective bargaining agreements entered into by Defendant, Security Fence Co., Inc., which agreements were assumed by Defendant, Jeffrey H. Cole.

6. As "employers" obligated to make fringe benefit contributions to the Funds, Defendants are specifically required to do the following:

(a) To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked or for which wages were received in such month by each and every person on whose behalf contributions are required to be made by Defendants to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b) To have a duly authorized agent verify said reports by signature and to accompany the reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

(c) To make all payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendants are making full payment as required under the applicable agreements;

(d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendants' failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in the amount of 1 ½% per month on the whole amount of contributions remaining from time to time unpaid, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

(e) To pay any and all costs incurred by Plaintiffs in auditing Defendants' payroll records, should it be determined that Defendants were delinquent in the reporting or submission of all contributions required of them to be made to Plaintiffs;

(f) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendants to submit their payroll books and records for audit or to recover delinquent contributions;

(g) To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

7. Defendants are delinquent and have breached their obligations to Plaintiffs and their obligations under the Plans in the following respect:

Defendants have failed and refused to verify and submit all their reports to Plaintiffs due, to date, and/or, have failed to make payment of all contributions acknowledged by Defendants thereon to be due Plaintiffs.

  8. That upon careful review of all records maintained by them, and after application of any and all partial payments made by Defendant, the total amount due is unknown, based upon Defendant's failure to submit all required reports or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

  9. Plaintiffs have requested that Defendants perform their obligations as aforesaid, but Defendants have failed and refused to so perform.

  10. Defendants' continuing refusal and failure to perform their obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

  WHEREFORE, Plaintiffs pray:

(A) That Defendants be enjoined and ordered to verify and submit all delinquent monthly contribution reports to Plaintiffs with the information required to be provided thereon, to continue to submit such verified reports while this is pending, and to comply with their contractual obligation to timely submit such reports in the future;

(B) That judgment be entered in favor of Plaintiffs and against Defendants for all unpaid contributions, liquidated damages, any costs of auditing Defendants' records, accrued interest, and Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the plans and in ERISA;

  (C) That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendants' cost.

             /s/ Patrick N. Ryan

Catherine M. Chapman
Patrick N. Ryan
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Bar No.: 6278364
Telephone: (312) 216-2573
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com

I:\MIDJ\Security Fence\#27989\complaint.pnr.df.wpd